

# FILED

JUN 24 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: | No. 10-16443 |
| USA COMMERCIAL MORTGAGE COMPANY et al., | D.C. No. 2:09-cv-01608-RLH-LRL |
| Debtors. | |
| _____ | MEMORANDUM[*] |
| BINGHAM MCCUTCHEN, LLP, | |
| Appellant, | |
| v. | |
| USACM LIQUIDATING TRUST, | |
| Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, District Judge, Presiding

Argued and Submitted June 13, 2011
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  SCHROEDER, RIPPLE,[**] and GRABER, Circuit Judges.

Defendant Bingham McCutchen, LLP, appeals the district court's grant of summary judgment to Plaintiff USACM Liquidating Trust, the successor-in-interest to bankruptcy debtor USA Commercial Mortgage Company ("USACM"). Shortly before its bankruptcy, USACM transferred $200,000 to Defendant as payment for legal services that Defendant provided to a third party.  Both the bankruptcy court and the district court held that no reasonable trier of fact could find that the payment was other than a constructively fraudulent transfer under 11 U.S.C. § 548(a)(1)(B), because USACM did not receive reasonably equivalent value for the transfer.  Reviewing de novo, Barclay v. Mackenzie (In re AFI Holding, Inc.), 525 F.3d 700, 702 (9th Cir. 2008), we affirm.

Defendant argues that a genuine issue of material fact exists regarding whether USACM received reasonably equivalent value for the transfer.  In support of that argument, Defendant points to an entry in USACM's general ledger that identified the transfer as an account receivable.  The entry, however, fails to identify the entity or person that was obligated to repay the transfer. Thus, the evidence offered by Defendant is too ambiguous to support a reasonable inference

---

[**]    The Honorable Kenneth F. Ripple, Circuit Judge for the United States Court of Appeals for the Seventh Circuit, sitting by designation.

that USACM received a promise of repayment from a solvent party. We therefore agree with the district court that Plaintiff is entitled to summary judgment because, on this record, no reasonable trier of fact could find that USACM received value for the transfer. See Scott v. Harris, 550 U.S. 372, 380 (2007) ("Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." (internal quotation marks omitted)).

Even assuming that someone promised to repay the transfer, the value of USACM's account receivable was not reasonably equivalent to the amount of the transfer. Had USACM attempted to sell the account receivable, it would have been forced to offer it at a deep discount because the repayment promise was undocumented, the party responsible for the debt was not recorded and, consequently, its ability to repay the money would have been in doubt. Accordingly, we hold that there is no showing in the record that USACM received reasonably equivalent value for the transfer.

**AFFIRMED.**